# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

PETROLEUM & FRANCHISE FUNDING LLC,

        Appellant,

v.                                                             Case No. 10-CV-508

BULK PETROLEUM CORP.,
CONVENIENCE STORES LEASING & MANAGEMENT LLC,
and UNSECURED CREDITORS COMMITTEE

        Appellees.

_____

## ORDER

On May 17, 2010, *In the Matters of Bulk Petroleum Corp., et al.*, Case No. 09-21782-SVK-11, U.S. Bankruptcy Judge Susan V. Kelley issued an "ORDER GRANTING DEBTORS' MOTION FOR HEARING ON SHORTENED NOTICE AND MOTION (i) TO SELL 66 PARCELS OF REAL PROPERTY AND RELATED FIXTURES AND PERSONAL PROPERTY ON AN OMNIBUS BASIS FREE AND CLEAR OF ALL LIENS AND ENCUMBRANCES TO CONVENIENCE STORES LEASING & MANAGEMENT, LLC, OR ITS ASSIGNS, FOR $11,000,000, (ii) TO APPROVE REJECTION OF LEASES BETWEEN DEBTOR ENTITIES, AND (iii) TO ASSUME AND ASSIGN CERTAIN LEASES AND LAND CONTRACTS."

On May 26, 2010, appellant Petroleum & Franchise Funding LLC ("PFF") filed a Notice of Appeal as to the above order. On June 16, 2010, at which point the appeal had not yet been docketed in the District Court, appellee Convenience Stores Leasing & Management LLC ("CSLM") filed an emergency motion to dismiss PFF's

appeal as moot. The emergency motion was docketed in the Bankruptcy Court, and the entire appeal, including the emergency motion, was transferred and docketed in the District Court on June 17, 2010.

CSLM's emergency motion is brought pursuant to Fed. R. Bankr. P. 8011(d), and complies with the requirements set forth therein. The substance of CSLM's motion is that PFF's appeal is moot because PFF did not move for or obtain a stay of the sale order pending appeal. According to 11 U.S.C. § 363(m):

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

Id. CSLM argues that according to § 363(m), and Seventh Circuit case law, an appeal is moot if the party challenging the Bankruptcy Court's order approving a sale did not obtain a stay of that order pending appeal. *See In re CGI Industries, Inc.*, 27 F.3d 296, 299 (7th Cir. 1994) ("[W]e have repeatedly held that when a party challenges the bankruptcy court's order approving the sale of estate property to a good faith purchaser, it must obtain a stay of that order pending appeal, lest the sale proceed and the appeal become moot.").

CSLM posits that it will suffer irreparable harm if its instant motion is not quickly resolved, because it has entered into a contract to sell one of the stations it purchased under the challenged sale order, and the closing for the sale of that station is required to take place no later than June 26, 2010. CSLM states that as

-2-

long as PFF's appeal is pending, the title company will not insure clear title to the property CSLM purchased under the Sale Order. The result being that CSLM will not be able to complete the sale of the station, as the buyers are not obligated to close the sale without clear title, and the buyers have stated that they refuse to complete the transaction while the appeal is pending. Accordingly, the court agreed to resolve the motion on an expedited basis, and, to that end, issued a scheduling order setting forth an abbreviated briefing schedule on June 18, 2010. The issue being now fully briefed, the court turns to the substance of the dispute regarding whether PFF was required to obtain a stay pending appeal.

PFF concedes that it did not obtain a stay of the Bankruptcy Court's order pending appeal; however, PFF maintains that it is challenging whether CSLM was a "good-faith purchaser." PFF argues that § 363(m), by its very terms, only applies to a good-faith purchaser. PFF asserts that the Bankruptcy Court committed reversible error by certifying CSLM as a good-faith purchaser. PFF has submitted several affidavits in support of its contention.[1]

Thus, the question presently before the court is not whether CSLM was a good-faith purchaser, or even whether the Bankruptcy Court committed error in finding that CSLM was a good-faith purchaser. The only question presently before the court is whether the fact that PFF is challenging CSLM's status as a good-faith

---

[1] At this juncture it is not necessary to evaluate the merits of PFF's appeal; it is sufficient to note that the appeal challenges whether CSLM was a good-faith purchaser, and that PFF has proffered evidence in support of its contention.

-3-

purchaser obviates the necessity that PFF obtain a stay pending appeal. If it does, then the appeal may proceed to the merits. If it does not, then the appeal is moot and must be dismissed.

In support of its contention that a party challenging the good faith of the purchaser is not required to obtain a stay, PFF cites to *In re Sax*, 796 F.2d 994 (7th Cir. 1986) in which the Seventh Circuit observed: "As indicated in § 363(m), a stay is not required to challenge a sale on the grounds that an entity did not purchase in good faith." *Id.* at 997, n. 4. This position is echoed in *In re Tempo Tech. Corp.*, 202 B.R. 363 (D. Del. 1996) in which the district court held that a stay was not necessary when the purchaser's good faith was challenged on appeal. *Id.* at 366 (citing *In re Ewell*, 958 F.2d 276, 281 (9th Cir.1992); *Sax*, 796 F.2d at 997 n. 4.; *Willemain v. Kivitz*, 764 F.2d 1019, 1024 (4th Cir.1985); *In re Bel Air Assoc.*, 706 F.2d 301, 304 (10th Cir.1983); *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir.1986)).

PFF's contention is further supported by *In re Andy Frain Svcs., Inc.*, 798 F.2d 1113 (7th Cir. 1986). In *Andy Frain*, the Seventh Circuit was confronted with a situation in which the appealing party had not obtained a stay pending appeal, thus, the opposing party argued that the appeal was moot, per § 363(m). 798 F.2d at 1125. The appealing party, however, was – as is the situation in the instant case – challenging whether the purchaser of the property qualified as a good-faith purchaser. *Id.* In addressing the issue of whether the appeal was moot, the

-4-

Seventh Circuit stated: "Because [the appealing party] failed to obtain a stay and offers no credible explanation for the failure, the only issue we must decide is whether [the purchaser] qualified as a good faith purchaser." *Id.* This directly supports PFF's argument that a stay is not required when challenging the issue of good-faith, because if, as CSLM advocates, a stay were required in such a case, then the *Andy Frain* court would have had no need to determine whether the purchaser in that case qualified as a good-faith purchaser. Since the appealing party had not obtained a stay, the issue of whether the purchasing party was a good faith purchaser would have been irrelevant if, as CSLM argues, a stay must be obtained, even when challenging the issue of good faith. Since the lack of a stay was not dispositive, and the court only entered its ruling after determining that the purchaser was a good-faith purchaser, one might reasonably conclude that the failure to obtain a stay pending appeal is not fatal to an appeal challenging the good-faith of the purchaser.

CSLM, for its part, attempts to argue that "[t]he *Frain* court's consideration of the appellant's challenge to the buyer's good faith was independent of any review of the sale's validity, because the appellant's failure to obtain a stay mooted any attempt to undo the completed sale." (Reply Br. Supp. Dismiss. Mot. at 5). This proposition, however, is simply not supported by the case itself. Indeed, the *Frain* court specifically said that since the appellant had failed to obtain a stay, the only issue the court had to decide was whether the purchaser qualified as a good faith

-5-

purchaser. *Andy Frain*, 798 F.2d at 1125. If CSLM was correct that a stay is necessary even when challenging good faith, then the *Andy Frain* court would have had no need to determine whether the purchaser was a good-faith purchaser. This is a point that CSLM fails to appreciate and fails to refute.

As for the Seventh Circuit's statement in *Sax* that "a stay is not required to challenge a sale on the grounds that an entity did not purchase in good faith," 796 F.2d at 997 n. 4, CSLM argues that the statement is old dicta, and has been overruled by a newer case, *Hower v. Molding Systems Engineering Corp.*, 445 F.3d 935 (7th Cir. 2006). In *Hower*, the Seventh Circuit was confronted with an appeal from a district court's dismissal of a bankruptcy appeal. The district court had found that the appellant's appeal was moot because the sale had already taken place, and the appellant had not obtained a stay. *Id.* at 938. The district court accordingly dismissed the appeal. *Id.* The Seventh Circuit upheld the dismissal, and in doing so stated:

> Here, there is no question that no stay was entered, that the bankruptcy court made an explicit finding of good faith, and that the sale took place. Therefore, the appeal is moot, because the sale is final and this court is powerless to provide [appellant] the remedy he seeks.

*Id.*

The above statement by the Seventh Circuit certainly does offer support for CSLM's assertion that *Hower* marked a reversal of the prior rule laid out in *Sax* and followed in *Andy Frain*. Indeed, the above passage from *Hower* could easily be read as enunciating a new rule under which a purchaser is per se a good-faith purchaser

-6-

for purposes of § 363(m) once the Bankruptcy Court has made an explicit finding of good faith. Such a rule would make a great deal of sense, as the rule from *Sax* – allowing parties to appeal court-sanctioned sales without obtaining a stay so long as the appealing party is challenging the good faith of the purchaser – undermines the purpose of § 363(m). Section 363(m) is designed to ensure finality and certainty to court approved bankruptcy sales. Such certainty and finality is eroded by allowing appellants to challenge said sales without a stay, so long as they are challenging the good faith of the purchaser. The rule proffered by CSLM, and arguably supported by *Hower* – that so long as the Bankruptcy Court made an explicit finding of good faith, the appellant must have obtained a stay of the order in order to appeal any aspect of the sale – would be much more effective at furthering the purpose of § 363(m).

However, while the court agrees with CSLM that it is not optimal to allow parties like PFF to challenge court-approved sales without obtaining a stay, the simple fact is that given the clear teachings of *Sax* and *Andy Frain*, the court is constrained to allow PFF's appeal. While *Hower* could be read as supporting CSLM's position, it does not expressly do so because the appellant in *Hower* did not challenge the good-faith of the purchaser at the district court level. The appellant in *Hower* did challenge good faith at the court of appeals level. However, the court of appeals was evaluating the correctness of the district court's dismissal of the case. Because good faith was not challenged at the district court level, the question

of whether a challenge to the good faith of the purchaser excuses an appellant's failure to obtain a stay simply was not squarely before the *Hower* court. As such, this court concludes that, for purposes of determining the merits of the motion now before the court, it would be inappropriate to disregard *Sax* and *Andy Frain*.

CSLM is not unreasonable in describing the *Sax* court's statement – that a stay is not needed when challenging good faith – as "dicta." The statement was not integral (or even relevant) to the holding in *Sax*, and it was made in a footnote. However, it was clear and unequivocal, and it was adhered to in *Andy Frain*. Accordingly, it is not something a district court can simply disregard without clear indication of a change in the law from the Seventh Circuit. *Hower*, and common sense, support such a contention, but neither clearly evidence that the Seventh Circuit has refuted the rule found in *Sax* and *Andy Frain*. The court is, therefore, constrained to deny CSLM's emergency motion.

Accordingly,

**IT IS ORDERED** that CSLM's Emergency Motion to Dismiss Appeal as Moot (Docket #1, Attachment #57) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-8-